DECEASED OPINION
{¶ 1} Plaintiff-appellant, Alfred Nickles Bakery, Inc., appeals the judgment of the Common Pleas Court of Allen County granting Sheriff-Goslin Company's motion for summary judgment.
 {¶ 2} Nico Molina ("Molina") and Randy Marshall ("Marshall") were employed as roofers for Sheriff-Goslin. On April 5, 2001, Molina and Marshall were assigned two roofing jobs at two separate sites. However, after completing the first job, Molina and Marshall, never went to the second job site, but rather, went to a bar. Later that same night, at approximately 10:50 p.m., Molina, while traveling on North Sugar Street in Bath Township in a Sheriff-Goslin Company truck, collided with a semi-truck owned by plaintiff-appellant, Alfred Nickles Bakery, Inc. ("appellant"). Marshall was a passenger in the truck at the time of the accident. Both Molina and Marshall were killed. The coroner's report revealed that Molina had a blood alcohol level of 0.38%.
 {¶ 3} On April 8, 2002, appellant filed a complaint against the Estate of Nico Molina and Sheriff-Goslin Company. Appellant prayed for relief against the Estate of Nico Molina in an amount in excess of $25,000 and also sought judgment against Molina's employer, Sheriff-Goslin Company, based upon the theory of respondeat superior.
 {¶ 4} Sheriff-Goslin Company filed a motion for summary judgment on the grounds that the doctrine of respondeat superior is inapplicable to the case at bar because Molina and Marshall were not acting either within the course or scope of their employment at the time of the accident. On December 12, 2003, the trial court granted Sheriff-Goslin Company's motion for summary judgment.
 {¶ 5} The appellant now appeals the judgment of the trial court and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in granting Sheriff-Goslin Company'smotion for summary judgment pursuant to Ohio Civil Rule 56 byfinding as a matter of law that defendants, Nico Molina andRandall K. Marshall, were not acting within the scope of theiremployment with Sherriff-Goslin.
 {¶ 6} Our review of the record reveals that the trial court has thoroughly addressed all of the relevant factual and legal issues pertaining to this appeal in its judgment entry in which it granted Sheriff-Goslin Company's motion for summary judgment. Accordingly, for the purposes of ruling on appellant's assignment of error herein, we hereby adopt the well-reasoned final judgment entry of the trial court dated December 12, 2003, incorporated and attached hereto as Exhibit A, as our opinion in this case.
 {¶ 7} For the reasons stated in the final judgment entry of the trial court, attached and incorporated herein as Exhibit A, appellant's assignment of error is overruled and the judgment of the Common Pleas Court of Allen County is affirmed.
Judgment affirmed.
 Shaw, P.J., and Bryant, J., concur.